Jemima Newton
vs.            No. 89291.
Frederick J. Newton

November 14, 1933.

CHURCHILL, J. Heard on motion of garnishee to instruct and allow officer making return of execution to amend his return.

The action is assumpsit in which the Franklin Process Company was named as garnishee. The garnishee was duly served, filed no affidavit and was charged by default and the case went to judgment for the plaintiff.

March 27, 1933, execution was issued returnable September 27, 1933; was served on the garnishee on September 26, 1933. The garnishee did not pay the amount called for by the execution nor did it tender to the officer charged with the service of the execution either the statutory affidavit or the amount of the statutory charges, provided for under Ch. 353, Sec. 21, Gen. Laws 1923, at any time previous to or on the return day of the execution.

The officer made a return dated September 26, 1933, to the effect that the assistant treasurer of the garnishee had refused to pay the amount of the execution. In point of fact the execution was not actually filed in the office of the Clerk of the Court until September 29th, 1933. Before the execution was so filed, the attorney for the garnishee made a tender on September 29, 1933, of an affidavit under the statute setting up the mistake of the garnishee in not filing the affidavit required of a garnishee, together with an amount admitted to be due the defendant and the other charges under Sec. 21 of Ch. 353, Gen. Laws 1923. This tender was made to a deputy sheriff in charge of service of process. That officer refused to accept the affidavit and the amount tendered. It was after this and on the same day that the execution was actually filed in the office of the Clerk. The officer in charge of service of process was not the officer who had in charge the service of the execution. On the same day, but after the execution had been filed in the Clerk's office, a tender was made of the statutory affidavit and the amount disclosed by such affidavit together with the statutory charges to the officer who made the service of the execution, and such tender was not accepted by him.

The present motion is that the return of the officer making service of the execution be amended to the effect that such officer has accepted an affi-

davit and $15.30 from the garnishee under the provision of Ch. 353, Sec. 21, Gen. Laws 1923.

The garnishee argues that tender having been made under the statute after the return day of the execution but while in the possession of the officer charged with service, it was rightfully made and that the statute must be construed to give the garnishee a reasonable time after the return day within which to cure his original default.

In support of his argument, the cases of

> Grant vs. New York Life Ins. Co., 24 R. I. 11, and
>
> Darling Co. vs. Monahan, 51 R. I. 171,

are relied on.

The Grant case held that the action provided for against a defaulting garnishee was brought prematurely if brought before the return day of the execution.

The Darling Co. case held that scire facias against bail was properly brought even though the officer did not return the execution until after the return day.

The garnishee seeks to establish an analogy between the situation presented in the Darling Co. case and the case at bar, but the analogy is not sufficiently complete to warrant the Court in following the decision in that case. As the Court said, there is nothing in the statute (Ch. 375, Sec. 7, Gen. Laws 1923) establishing as a condition to suit that the execution be actually returned on the return day.

We have to deal in the instant case with the words of the statute affording relief to a garnishee who is in default. He may avoid the consequences of his default by giving an affidavit, etc. "to the officer charged with the service of the execution (who shall annex such affidavit to his return on such execution)."

It is manifest that some certain time, other than a reasonable time, must be set within which a garnishee may avail himself of the right given by this section of the statute and the statute fixes that time as the time during which service of the execution may be made up to the time when the officer has no further power of service of the execution.

The Supreme Court, in Andrews vs. Peacock, 50 R. I. 260, in commenting on the case of Grant vs. New York Life Insurance Company, 24 R. I. 11, said:

> "The garnishee was entitled at all times during the life of the execution to save himself from loss by filing an affidavit. * * *"

The life of the execution in the case at bar expired prior to the time of the tenders made on September 29, 1933.

Motion to amend the officer's return on the execution is hereby denied.

For plaintiff: William H. McSoley, Esq.

For defendant: E. Raymond Walsh, Esq.

For Garnishee: Edward Winsor of Edwards & Angell.